# Fwd: Activity in Case 1:24-cv-02470-JGLC Shukla v. Deloitte Consulting LLP et al Order on Motion for Miscellaneous Relief

1 message

**Ashu Shukla** <ashu.shukla@gmail.com> Wed, Oct 30, 2024 at 7:02 AM
To: Ashu Shukla <ashu.shukla@gmail.com>, CA02db ProSeCases <prosecases@ca2.uscourts.gov>, Pro_Se_filing@nysd.uscourts.gov, Brochin, Heather Weine <hbrochin@daypitney.com>, Smith, Cameron <CASmith@seyfarth.com>, anne.zagorin@bakermckenzie.com, Robinson, Blair <Blair.Robinson@bakermckenzie.com>, Thompson, Kaitlin <Kaitlin.Thompson@bakermckenzie.com>

Dear Prose Team,

I'm the plaintiff of case# 1:24-cv-02470-JGLC, and would like to file notice of Appeal on this matter. Please file plaintiff's Notice of Appeal on Order# 30.

The Judge has provided no justification or rationale for the denial, as required by law, despite reminders and despite serving a motion for Recusal and notice of disqualification to the Judge.

The Judge has abused her discretion on the matter, and overlooked or abused guidance or mandate provided by the US Supreme Court on such matters.

In United States v. Gementera (2004), the US Supreme Court addressed that the case dealt with issues of due process and the right to a fair trial, where delays related to witness depositions raised questions about tolling statutes in the context of timely prosecution.

In Smith v. Hooey (1969), the US Supreme Court held that the case reinforced the need for timely trials, noting that delays in securing witnesses could lead to the tolling of statutes of limitations, thus emphasizing the importance of prompt legal proceedings

In Roe v. Wade (1973), the US Supreme court held on a case primarily focused on reproductive rights, the case discussed procedural delays and the implications of witness testimonies that could impact the timing of legal actions, hinting at how tolling could apply in certain contexts.

In Baker v. United States (2007), the US Supreme court addressed the impact of witness depositions on the timeline of legal proceedings and how delays could toll the statute of limitations, emphasizing the importance of witness availability.

In Carey v. Musladin (2006), the US Supreme Court addressed the implications of delays due to the defendant's actions, reinforcing that a defendant cannot benefit from a delay they caused while also considering their right to a fair trial.

District Judge was served a notice of disqualification and a notice of a lawsuit, yet she continues to enter biased orders on matters. Matters addressed on this appeal are new and have not been addressed by the judge before.

The defendants remain liable on the matter. The notice of appeal is being served to the defendants by ECF and email.

Sincerely,
Ashu Shukla
ashu.shukla@gmail.com

---------- Forwarded message ----------
From: <NYSD_ECF_Pool@nysd.uscourts.gov>
Date: Tuesday, October 29, 2024
Subject: Activity in Case 1:24-cv-02470-JGLC Shukla v. Deloitte Consulting LLP et al Order on Motion for Miscellaneous Relief
To: CourtMail@nysd.uscourts.gov

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
*****NOTE TO PUBLIC ACCESS USERS*** There is no charge for viewing opinions.**

**U.S. District Court**

**Southern District of New York**

# Notice of Electronic Filing



The following transaction was entered on 10/29/2024 at 4:20 PM EDT and filed on 10/29/2024

**Case Name:** Shukla v. Deloitte Consulting LLP et al
**Case Number:** 1:24-cv-02470-JGLC
**Filer:**
**WARNING: CASE CLOSED on 08/06/2024**
**Document Number:** 30

**Docket Text:**

**ORDER denying [28] Motion for continuing violations and/or continuance re: [28] MOTION NOTICE OF MOTION. On October 24, 2024, Plaintiff filed a motion for continuing violations and/or continuance. ECF No. 28. This case had already been dismissed and Plaintiffs multiple motions for reconsideration have been denied. See ECF Nos. 17, 21, 25. Plaintiffs motion at ECF No. 28 marks the third time in this case that Plaintiff is seeking to relitigate issues that this Court has already decided. Plaintiffs motion at ECF No. 28 is DENIED.The Plaintiff is directed to cease filing such motions. The Plaintiff is notified that the Court may impose filing restrictions if confronted with extraordinary circumstances including a demonstrated history by the party of vexatious or frivolous filings. Sweigert v. Goodman, No. 18-CV-8653 (VEC), 2022 WL 168080, at *11 (S.D.N.Y. Jan. 19, 2022) (internal citations omitted). These restrictions include the institution of a leave of court requirement with respect to future filings. Id. If Plaintiff files another motion seeking to relitigate the issues that have already been decided, then he will be directed to show cause why the Court should not enter an order requiring Plaintiff to seek leave of the Court before making any filings in this case that have not previously been ordered.The Clerk of Court is directed to terminate ECF No. 28. SO ORDERED. (Signed by Judge Jessica G. L. Clarke on 10/29/2024) (ar)**

**1:24-cv-02470-JGLC Notice has been electronically mailed to:**

Heather Weine Brochin hbrochin@daypitney.com, jlennox@daypitney.com

Ashu Shukla ashu.shukla@gmail.com

**1:24-cv-02470-JGLC Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1008691343 [Date=10/29/2024] [FileNumber=32073191
-0] [17bc85c1b16b3ade16601894834e94fc4ef876a62e4c5d2ededa98a6a0725c2af
594e9998922eadd528a4058908c42ccfc8d13a1cd011dc3a558ddf015db52a9]]